**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| TIMOTHY ALEXANDER, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | No.  1:26-CV-00675-RP |
| | § | |
| III-INTERACTIVE LLC, | § | |
| *Defendant* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Timothy Alexander's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Alexander is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his  claims pursuant to 28 U.S.C. § 1915(e).

## I.     REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Alexander's financial affidavit and determined Alexander is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Alexander's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees

1

or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Alexander is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Alexander's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.      REVIEW OF THE MERITS OF THE CLAIM

Because Alexander has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Alexander, a black man, brings claims against Defendant III-Interactive LLC *d/b/a* Division D ("Division D") for violations of section 1981, intentional infliction of emotional distress, fraud, and unjust enrichment. Dkt. 1, at 3-4. Alexander alleges that Division D terminated his employment after Alexander complained to human resources about "systemic wage theft and the deliberate concealment of earned commissions." *Id.* at  2. Alexander also complains that Division D created a hostile work environment by directing him to conduct "Anglophile" research, "broadcasting dehumanizing monkey imagery on internal platforms," and "display[ing] 'Suicide Prevention' headers [] to target [Alexander]'s known physical vulnerabilities[.]" *Id.* at 2-3.

To state a claim under section 1981, a plaintiff must allege: (1) that he or she is a member of a racial minority; (2) an intent to discriminate or retaliate on the basis of race by the defendant; and (3) that the discrimination or retaliation concerns one or more of the activities enumerated in the statute. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997). Alexander's sole allegations regarding race are that he

3

was "the only other African American male employee," that Division D directed Alexander to conduct "Anglophile" research, and that Division D did not reprimand a co-worker for referring to "Monkey Monday" on a messaging platform and displaying images of primates on a screen saver. Dkts. 1, at 3; 1-5; 1-8.[1] These allegations fail to demonstrate the complained-of actions were taken because of Alexander's race. *See id.*; *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *5 (N.D. Tex. June 21, 2011) ("Without sufficient factual allegations that the complained of actions were taken because of her race, Plaintiff has failed to state a claim of racial discrimination under ... § 1981."). In fact, Alexander attached evidence to his complaint showing that Division D terminated his employment "based solely on ongoing conduct and performance issues." Dkt. 1-3; *Monbelly v. Allied Universal Prot. Servs.*, No. 2:24-CV-00078, 2024 WL 3656219, at *7 (W.D. La. Aug. 5, 2024) ("Plaintiff has the burden of pleading facts that, taken as true, permit the Court to infer 'that race was a but-for cause of [his] injury' in order to sustain his § 1981 discrimination claim." (quoting *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020))). Alexander's section 1981 claims should be dismissed.

Having found that Alexander has failed to state any claims for relief under federal law, the undersigned recommends that the District Judge decline to exercise supplemental jurisdiction over his state-law claims. Alexander's sole basis for

---

[1] The evidence Alexander attached to his complaint, including a copy of the "Monkey Monday" message and images of screen savers showing primates, does not reveal any images or words that refer to race. Dkts. 1-5; 1-8.

jurisdiction rests on the assertion of federal causes of action, and under section 1367, the Court may decline to exercise supplemental jurisdiction over remaining state-law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) ("District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed."); *see also Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.") (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 599 (5th Cir. 2009)).

## III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Alexander's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Alexander's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The undersigned **FURTHER RECOMMENDS** that the District Judge **DISMISS AS MOOT** Alexander's remaining pending motions, Dkts. 3; 5.

The referral of this case to the Magistrate Judge should now be canceled.

## IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

5

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 16, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE