**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY ALEXANDER,** *Plaintiff* | § § | |
| **v.** | § § | **No. 1:26-CV-00675-RP** |
| **III-INTERACTIVE LLC,** *Defendant* | § § § | |

**ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Timothy Alexander's Opposed Motion for Leave to File Third Amended Complaint, Dkt. 24, and all related briefing. After reviewing the parties' filings and the relevant case law, the undersigned grants the motion and recommends that the District Judge deny as moot Defendant III-Interactive d/b/a Division-D's ("Division-D") motion to dismiss, Dkt. 17.

## I. BACKGROUND

This is an employment-discrimination case. Plaintiff Timothy Alexander, a Black man, worked for Division-D "in a role in which performance was measured through sales accounts and commission-based activity tracked within [Division-D]'s internal systems." Dkt. 13, at 5. Alexander alleges that he "was qualified for his position and performed work generating sales commissions." *Id.* Despite his qualifications and performance, Alexander claims that Division-D altered the data used to track his sales and commissions to reduce his recorded productivity. *Id.* at 5-

6. Relying on the allegedly altered sales data, Division-D terminated Alexander's employment for poor performance. *Id.* at 6. Alexander believes he was discriminated against based on his race, listing instances of workplace conduct that he claims demonstrate racial animus towards him. *Id.* at 8-9. He also alleges that White employees were treated more favorably in being allowed to work from home and receiving full credit for their sales activities. *Id.* at 9-10. In response to raising his concerns about his treatment, Alexander contends that Division-D retaliated against him by mocking him for his "physical condition" and targeting him with "suicide prevention" messaging. *Id.* at 10-11.

Alexander, proceeding pro se, brings claims against Division-D for race-based discrimination and retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as well as unjust enrichment. *Id.* at 15-17. Division-D moved to dismiss Alexander's claims, arguing that his second amended complaint still "falls well short of federal pleading standards." Dkt. 17, at 1. Alexander opposed the motion to dismiss, Dkt. 18, and Division-D filed a reply in support of its motion, Dkt. 19. Alexander then filed a motion for leave to file a third amended complaint, adding new factual allegations to his complaint as well as five new claims for relief. Dkts. 24; 24-1. Division-D opposed Alexander's request to amend his complaint, arguing that the proposed amended complaint would still fail to state any claims for relief. Dkt. 25.[1]

---

[1] Division-D included in its response an "[a]lternative request for a protective order or stay" in the event the Court grants Alexander's motion to amend. Dkt. 25, at 8-10. However, "a request for relief embedded in a response brief is disfavored; relief should be requested in a motion." *Coleman v. Roth*, No. 5-17-CV-00819-FB-RBF, 2021 WL 724610, at *1 (W.D. Tex. Feb. 23, 2021) (citing Fed. R. Civ. P. 7(b)), *R. & R. adopted*, No. CV SA-17-CA-0819-FB, 2021 WL 4079123 (W.D. Tex. July 29, 2021).

In reply, Alexander insists that Rule 15 counsels in favor of allowing him to amend his complaint. Dkt. 26.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure favor amendment. A party may amend its pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). After this time period has passed, a party may amend its pleading with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court's discretion to deny leave is "severely restrict[ed]" by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1981).

Leave to amend should be denied only if there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *see McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012). The Fifth Circuit has instructed that "'a court should grant a pro se party every reasonable

opportunity to amend.'" *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011)).

## III. ANALYSIS

Alexander moves to amend his complaint to respond to the deficiencies identified in Division-D's motion to dismiss by adding factual allegations stemming from discovery produced in this case, as well as five new claims against Division-D. Dkts. 24, at 1, 3-9; 24-1. Division-D opposes the motion, arguing that the proposed amendments are futile and "appear[] calculated to cause diversion of more judicial resources and to force Division-D to incur substantially more in legal fees and expenses on a case lacking merit." Dkt. 25, at 1. In reply, Alexander contends that this case is in its early stages, his proposed amendments are not futile, and in fact promote an orderly resolution of his case on the merits. Dkt. 26, at 8-10. The undersigned will grant Alexander's request to file a third amended complaint.

The Court does not find that undue delay, bad faith, or dilatory motive weighs against granting Alexander's proposed amendment. The Fifth Circuit has stated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose

unwarranted burdens on the court." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

Division-D faults Alexander for seeking to amend his complaint rather than "allowing the Court time to rule on" its motion to dismiss and highlights that Alexander filed his first amended complaint "without leave of court or consent of the opposing party." Dkt. 25, at 1, 6. As to Alexander's first amended complaint, the Court notes that under Rule 15(a)(1) Alexander was allowed to amend his complaint "as a matter of course" at the time he filed his first amended complaint. Dkts. 1 (filed March 20, 2026); 6 (filed March 27, 2026); Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than … 21 days after serving it[.]"). Alexander was thus not required to seek leave from the Court or consent from Division-D before filing his first amended complaint. The Court also declines to find Alexander's conduct in seeking to amend his complaint dilatory or motivated by bad faith where the Court has not yet ruled on Division-D's motion to dismiss and Alexander filed the motion within the deadline to amend pleadings under the parties' proposed scheduling order. Dkt. 23, at 6; *Scruggs v. City of Bowie*, No. 7:14-cv-00123, 2015 WL 13450691, at *10 (N.D. Tex. June 18, 2015) (finding "no undue delay in filing the motion for leave to amend because the motion was filed within the deadline to amend"); *Schaefer v. Peralta*, Civ. Action No. 16-17784, 2017 WL 6055153, at *7 (E.D. La. Dec. 7, 2017) (finding no undue delay where Plaintiff moved to amend while case was still in the motion-to-dismiss stage of the litigation).[2]

[2] Division-D posits that Alexander's filing of an amended complaint "more than two months" after its motion to dismiss became ripe is "precisely the kind of dilatory tactic that courts

Next, Division-D contends that it will be prejudiced by the proposed amendment because it will have to expend additional costs to respond to Alexander's new claims and potentially engage in further discovery. Dkt. 25, at 7. "But the mere inconvenience of being required to file a second motion to dismiss cannot be the type of 'undue prejudice' necessary to foreclose amendment under Rule 15." *Tran v. Jefferson Par. Sch. Bd.*, No. CV 24-2777, 2025 WL 903140, at *4 (E.D. La. Mar. 25, 2025) (citing *Tesla, Inc. v. La. Auto. Dealers Ass'n*, No. CV 22-2982, 2023 WL 9059650, at *6 (E.D. La. Jan. 11, 2023)); *Molina v. Caliber Home Loans, Inc.*, No: 3:15-CV-00757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court desires and supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort."). In addition, "[e]ven if amendment were to impose additional discovery costs, those added discovery expenses would not unduly prejudice defendants so as to prevent plaintiff's amendment of the complaint." *Parra v. Markel Int'l Ins. Co. Ltd.*, No. CV L-06-59, 2006 WL 8445282, at *1 n.3 (S.D. Tex. Nov. 21, 2006) (citation omitted). The Court does not find that Division-D will be unduly prejudiced by the proposed amendments.

Finally, the Court is unconvinced that Alexander should be prohibited from filing a third amended complaint based on futility. Division-D reiterates the bases for

---

have recognized as weighing against leave to amend," yet cites no case law in support of this proposition. Dkt. 25, at 7.

dismissal raised in its motion to dismiss and argues that Alexander's new proposed causes of action fail to state claims for relief. Dkt. 25, at 3-6. With regard to Alexander's race-discrimination claims, for example, Division-D presses that his proposed amended complaint "still does not plead facts showing he was qualified to perform the essential functions of the position[.]" Dkt. 25, at 4. In its motion to dismiss, Division-D raised this same argument, insisting that Alexander pleaded "no factual allegations supporting [his] qualifications for his role." Dkt. 17, at 3 (citing *Woods v. STS Servs. LLC*, No. 3:23-CV-2745-D, 2024 WL 4942382, at *2 (N.D. Tex. Dec. 2, 2024), *aff'd*, 164 F.4th 394 (5th Cir. 2026)). In his proposed third amended complaint, Alexander alleges facts surrounding the "multi-stage" hiring process through which Division-D offered him a position as a social-media strategist, highlighting his provision of materials related to his revenue generation at a prior job. Dkt. 24-1, at 7.

At the prima-facie phase, while "the fact that an employee was hired for a particular position does not automatically demonstrate that he or she was qualified for that position," it may still support the "inference" that the plaintiff was qualified for the position. *Equal Emp. Opportunity Comm'n v. Ryan's Pointe Houston, LLC*, No. 19-20656, 2022 WL 4494148, at *6 (5th Cir. Sept. 27, 2022). Indeed, "the Fifth Circuit has suggested that an employer's argument that an employee is not qualified for a position typically is belied by the fact that the employee was hired in the first place and retained in employment." *Buckhanan v. Shinseki*, No. 3:13CV278TSL-JCG, 2015 WL 728544, at *3 (S.D. Miss. Feb. 19, 2015), *aff'd*, 665 F. App'x 343 (5th Cir. 2016)

(citing *Taylor v. Peerless Indus. Inc.,* 322 F. App'x 355, 357 n. 1 (5th Cir. 2009)); *cf. Woods*, 2024 WL 4942382, at *2 (dismissing Title VII claim where plaintiff did not "plead any facts in her third amended complaint that enable the court to draw the reasonable inference that she was qualified for the position").

Alexander's proposed addition of five new claims also weighs against a finding of futility, especially given that the Court's assessment of these new causes of action at this time would rest solely on Division-D's two-page briefing on the plausibility of the new proposed claims. Dkt. 25, at 5-6; *Inline Corp. v. Tricon Restaurants Int'l*, No. CIV.A.3:00-CV-0990-D, 2002 WL 1331885, at *2 (N.D. Tex. June 14, 2002) (""The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer."" (quoting *Poly-America, Inc. v. Serrot Int'l Inc.,* No. CIV. A. 3:00-CV-1457, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002))). The undersigned is also mindful of the Fifth Circuit's directive that "'a court should grant a pro se party every reasonable opportunity to amend.'" *Dierlam*, 977 F.3d at 478 n.44 (quoting *Hale*, 642 F.3d at 503 n.36).

Having considered the relevant factors, the Court finds that there is no "substantial reason" to deny Alexander's request to file a third amended complaint and will grant the motion. Dkt. 24. Based on the filing of the third amended complaint, the undersigned will recommend that the District Judge deny as moot Division-D's motion to dismiss. Dkt. 17.

## IV. ORDER AND RECOMMENDATION

In accordance with the foregoing discussion, the Court **GRANTS** Alexander's Opposed Motion For Leave to File Third Amended Complaint, Dkt. 24. The Clerk of the Court is directed to file Alexander's third amended complaint, Dkt. 24-1.

The undersigned **RECOMMENDS** that the District Judge **DENY AS MOOT** Division-D's motion to dismiss, Dkt. 17, in light of the third amended complaint.

The referral to the Magistrate Judge should now be canceled.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 2, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE