**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY ALEXANDER,** *Plaintiff* | § § § | |
| **v.** | § | **No. 1:26-CV-00675-RP** |
| **III-INTERACTIVE LLC,** *Defendant* | § § § | |

**ORDER**

Before the Court are Plaintiff Timothy Alexander's motion for expedited discovery status conference and interim discovery management order, Dkt. 28, motion to compel, Dkt. 29, and all related briefing. After reviewing the parties' filings and the relevant case law, the Court will deny Alexander's motions and stay all discovery in this case pending the resolution of Defendant III-Interactive LLC d/b/a Division-D's ("Division-D") motion to dismiss Alexander's third amended complaint.

In his motion for expedited discovery status conference and interim discovery management order, Alexander asks the Court to "[a]dvance the October 19 conference to within fourteen days after entry of an order, or the earliest practicable date" or "[i]f advancement is unavailable, enter the interim schedule below while retaining the existing setting." Dkt. 28, at 6. A district court "has broad discretion and inherent authority to manage its docket." *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021). The Court's October 19th initial pretrial conference is now less than a week away, and Alexander has not demonstrated that expedited discovery is necessary in this case. *Gutierrez v. Martinez*, No. CV L-12-18, 2012 WL 13149228, at *1 (S.D. Tex.

Mar. 12, 2012) ("Expedited discovery is permitted upon a showing of good cause." (citations omitted)); *United States ex rel. Branch Consultants, LCC v. Allstate Ins. Co.*, No. CV 06-4091-PB-SS, 2007 WL 9780392, at *2 (E.D. La. July 27, 2007) ("The law is clear that expedited discovery is highly disfavored."). Accordingly, Alexander's motion for expedited discovery conference and interim discovery management order will be denied.

Alexander also filed a motion to compel asking the Court to require Division-D to supplement its discovery responses in Alexander's preferred format and on his proposed timeline. Dkt. 29. In response, Division-D contends that it has "produced all responsive materials" and "is not withholding any documents responsive to these requests that it has located." Dkt. 35, at 6. Division-D also asks for a protective order staying all discovery pending the Court's resolution of its motion to dismiss Alexander's third amended complaint. *Id.* at 3-5.[1] In reply, Alexander presses his demand for an order requiring Division-D to, among other things, "include a short request-to-Bates/native-file map stating whether each [discovery request] category is complete or continuing." Dkt. 36, at 7-8. Given Division-D's representation that it has properly responded to Alexander's discovery requests, the Court declines to "micro-manage the discovery process in this case" by dictating how Division-D must present or supplement its productions to Alexander. *Hendrix v. Sw. Bell Tel. L.P.*, No.

[1] Division-D requested a protective order in its response to Alexander's motions. Dkt. 35, at 3-5. However, "a request for relief embedded in a response brief is disfavored; relief should be requested in a motion." *Coleman v. Roth*, No. 5-17-CV-00819-FB-RBF, 2021 WL 724610, at *1 (W.D. Tex. Feb. 23, 2021) (citing Fed. R. Civ. P. 7(b)), *R. & R. adopted*, No. CV SA-17-CA-0819-FB, 2021 WL 4079123 (W.D. Tex. July 29, 2021); W.D. Tex. Admin. Policies and Proc. § 12(g) ("[E]ach filing must consist of only one pleading.").

4:12CV685, 2015 WL 1385386, at *4 (E.D. Tex. Mar. 24, 2015) (noting that "the Court will not micro-manage the discovery process in this case"). Alexander's motion to compel will be denied.

Despite Division-D's improper inclusion of its request for a protective order within its response, the Court further finds that a stay of discovery is warranted pending the resolution of Division-D's motion to dismiss Alexander's third amended complaint. "The district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted). Division-D argues that a stay of discovery is merited based on the existing, onerous discovery requests Alexander has propounded, the burden on Division-D in responding to this discovery with "no realistic possibility of recouping its costs," and its pending motion to dismiss. Dkts. 35, at 5; 37. Having considered the factors relevant to deciding whether to issue a stay of discovery pending resolution of a motion to dismiss, the Court finds that a stay is appropriate here. *See Endure Indus., Inc. v. Vizient, Inc.*, No. 3:20-CV-3190-E, 2021 WL 3771770, at *1 (N.D. Tex. Apr. 9, 2021) ("When deciding to issue a stay, some of the relevant factors that inform a court's discretion are the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay." (citation omitted)). Accordingly, the Court will stay discovery in this case pending the resolution of Division-D's motion to dismiss Alexander's third amended complaint.

In accordance with the foregoing discussion, **IT IS ORDERED** that Alexander's motion for expedited discovery status conference and interim discovery management order, Dkt. 28, is **DENIED**.

**IT IS FURTHER ORDERED** that Alexander's motion to compel, Dkt. 29, is **DENIED**.

**IT IS FINALLY ORDERED** that all discovery in this case is **STAYED** pending resolution of Division-D's motion to dismiss Alexander's third amended complaint. The Court reminds Division-D that it should file any request for relief as a motion.

The referral to the Magistrate Judge should now be canceled.

SIGNED October 14, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE